**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2012

No. 11-10584

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUSSAIN KAMAL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-159-1

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hussain Kamal was convicted by a jury of enticement of a minor and travel with intent to engage in a sexual act with a minor in violation of 18 U.S.C. §§ 2422 and 2423.  Kamal was sentenced to two concurrent 235-month terms of imprisonment and to supervised release for life.  On appeal, Kamal challenges the district court's finding that a cross-reference applied to his conduct, which resulted in a higher Guidelines range.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10584

FACTS

In May 2008, Kamal began an online relationship with an adult volunteer posing as a 14-year-old female using the online moniker "emotastic93." Throughout May and June of 2008, Kamal and emotastic93 chatted regularly by instant message. The conversations became sexually explicit and culminated with Kamal traveling to Greenville, Texas to meet with emotastic93. The adult volunteer notified local law enforcement of the meeting. When Kamal arrived at the agreed meeting location, he was arrested by local law enforcement. In Kamal's car, law enforcement officials found a teddy bear, condoms, Viagra, a digital camera, and a computer and separate hard drives. In a post-arrest statement, Kamal admitted that he thought he would be meeting a 14-year-old girl, that he did not plan to have sexual intercourse with her but would have if she had wanted, that he had discussed taking nude photographs of her and himself, and that they had discussed having sexual intercourse. Kamal was charged in the United States District Court for the Northern District of Texas with enticement of a minor and travel with the intent to engage in a sexual act with a minor. After a trial, the jury found Kamal guilty on both counts.

At sentencing, the Pre-sentence Investigation Report (PSR) assigned Kamal a base offense level of 32 pursuant to a cross-reference in Section 2G1.3, which directs the court to apply a different section of the Sentencing Guidelines when "the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." In his objections to the PSR, Kamal argued that the facts did not support the application of the cross-reference in Section 2G1.3(c)(1) so the base offense level should be 28 as determined under Section 2G1.3 of the Guidelines.

The probation officer asserted it was reasonable to conclude that Kamal intended to photograph emotastic93 engaging in sexually explicit conduct. The probation officer supported this statement with excerpts from Kamal's instant

No. 11-10584

messages with emotastic93. At the sentencing hearing, Kamal again argued that the cross-reference did not apply. The district court disagreed. The court found that the evidence supported the application of the cross-reference and sentenced Kamal to two concurrent within-Guidelines sentences of 235-months imprisonment.

## DISCUSSION

On appeal, Kamal challenges the district court's finding that the cross-reference in Section 2G1.3(c)(1) applies to his conduct. We review the district court's "interpretation and application of the Guidelines, including any cross-reference provisions, *de novo*." *United States v. Arturo Garcia*, 590 F.3d 308, 312 (5th Cir. 2009). The district court's factual findings are reviewed for clear error. *Id.* When the findings are plausible in light of the record as a whole, there is no clear error. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The government must prove the facts underlying a cross-reference only by a preponderance of the evidence. *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). The district court may draw "common-sense inferences from the circumstantial evidence" presented in determining whether the cross-reference applies. *United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006).

Section 2G1.3 applies to convictions under 18 U.S.C. §§ 2422 and 2423. Subsection (c)(1) directs the court to determine a defendant's offense level under Section 2G2.1, the guideline for sexually exploiting a minor by production of sexually explicit visual or printed material, when certain facts are shown. U.S.S.G. § 2G1.3(c)(1). Courts should apply Section 2G2.1 if it would result in a greater offense level than that applicable under Section 2G1.3 and "the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *Id.*

The commentary to Section 2G1.3 states:

3

[S]ubsection (c)(1) is to be construed broadly and includes all instances in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice, advertisement or other method, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct.

U.S.S.G. § 2G1.3 cmt. n.5(A).

The commentary directs the court to 18 U.S.C. § 2256(2) for the definition of "sexually explicit conduct." *Id.* Section 2256(2) defines sexually explicit conduct as "(i) sexual intercourse . . . ; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2). If the district court's finding that Kamal intended to photograph emotastic93 engaging in sexually explicit conduct as defined in Section 2256(2) is plausible in light of the record as a whole, we will affirm the district court's application of the cross-reference.

Kamal argues that the evidence presented was insufficient to support the district court's finding. Kamal acknowledges there was evidence that he intended to take photographs of emotastic93 in her underwear and naked, and there was evidence that he intended to take pictures of them together using the automatic function on his digital camera. But, Kamal argues this evidence does not demonstrate that he intended to take photographs of emotastic93 engaging in sexually explicit conduct as defined in Section 2256(2).

Kamal suggests that the PSR expanded the applicability of the cross-reference by finding that he intended to photograph emotastic93 engaged in sexually explicit conduct based solely on (1) evidence that he wanted to obtain photographs of emotastic93 not engaged in sexually explicit conduct and (2) evidence of his desire to engage in sexually explicit conduct with emotastic93 – without any admission he wanted to take photos of such conduct. Further, Kamal contends that when actual photographs do not exist, the defendant must

No. 11-10584

specifically discuss photographing sexually explicit conduct in order for the cross-reference to apply. We disagree.

The district court acknowledged that Kamal did not specifically discuss taking photographs of emotastic93 engaging in sexually explicit conduct. Even so, "common sense teaches that if you think you're talking to a 14-year-old you're not going to be as explicit. You're going to reel her in, like a piece of bait, . . . and he is pushing and probing and seeing where he can go, so he's not going to be as explicit." The district court also cited evidence that Kamal discussed "setting up his camera to take automatic pictures, which doesn't make much sense unless you are hoping or intending to use that to take pictures where you don't have a photographer and you're going to be in the picture with the person."

The Eleventh Circuit affirmed the application of the cross-reference when the defendant did not explicitly discuss photographing the minor engaging in sexually explicit conduct. *See United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007). In that case, the defendant had a history of photographing his sexual encounters and arrived to meet the victim with a digital camera, condoms, and erectile-dysfunction medication. *Id.* The court noted that although the presence of a camera alone would be insufficient, when combined with the defendant's "propensity to take pictures of his sexual encounters," the district court did not err in finding the cross-reference applied. *Id.* at 1252.

Similarly, the evidence here extends beyond the mere presence of a camera. There was evidence that Kamal arrived to meet emotastic93 with a digital camera, Viagra, and condoms; that he had nude pictures saved as "sexy teen" on his computer; that he had pictures of himself engaged in sexually explicit conduct on his computer; that he intended to engage in sexually explicit conduct with emotastic93; that he wanted to take pictures of them kissing; that he wanted to take pictures of emotastic93 posing in her underwear and naked; that he wanted to photograph himself with emotastic93 using a camera that

5

No. 11-10584

enabled him to take pictures automatically; and that the photographs would not include their faces so that they could not be identified.  The evidence here was sufficient for the district court to find it was more likely than not that Kamal intended to photograph emotastic93 engaging in sexually explicit conduct.

We AFFIRM.